IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TALMADGE DERRELL BARNES, | : | Civil No. 1:22-CV-00049 |
| Petitioner, | : | |
| v. | : | |
| J.L. JAMISON, WARDEN, | : | |
| Respondent. | : | Judge Jennifer P. Wilson |

## **MEMORANDUM**

Presently before the court for screening is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by self-represented Petitioner Talmadge Darrell Barnes ("Petitioner"), a federal inmate housed at FCI Allenwood, in White Deer, Pennsylvania, challenging the Bureau of Prisons' failure to grant him compassionate release. (Doc. 1.) Also before the court is Petitioner's motion seeking emergency compassionate release, and a motion to proceed *in forma pauperis*. (Docs. 2, 3.) Petitioner has paid the requisite filing fee. (Doc. 6.) For the reasons that follow, Petitioner's motion to proceed *in forma pauperis* will be denied and the petition will be dismissed without prejudice for lack of subject matter jurisdiction. As the court does not have jurisdiction over the petition, the motion for emergency relief will be denied.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Petitioner Talmadge Derrell Barnes pleaded guilty to possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1). He was sentenced on June 2, 2017 to 145 months incarceration and three years' supervised release. *See United States v. Barnes*, Case No. 16-20387, 2021 WL 243161 (E.D. Mich. Jan. 25, 2021). In October 2020, Petitioner wrote to the sentencing court seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A) citing his fear of contracting COVID-19 while incarcerated. (*Id*.) After consideration of the applicable factors set forth in 18 U.S.C. § 3553, and noting Petitioner's Presentence Investigation Report and Barnes' status as a career offender, the court determined a sentence reduction was not warranted. (*Id*.) The court denied Petitioner's motion for reconsideration on August 19, 2021. *See United States v. Barnes*, Case No. 1:16-CR-20387 (E.D. Mich., Aug. 19, 2021), available via https://pacer.uscourts.gov (last visited Jan. 25, 2022).

On January 4, 2022, Petitioner filed the instant petition under 28 U.S.C. § 2241 seeking compassionate release based on his continued fear of exposure to COVID-19. (Doc. 1.) Petitioner purportedly suffers from heart disease and diabetes and contracted COVID-19 on December 21, 2021. (*Id*., pp. 7–8.)[1] He claims that the Bureau of Prisons ("BOP") officials cannot control COVID-19 at

---

[1] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

FCI Allenwood, citing a high rate of unvaccinated staff members and the unreported deaths of three inmates on his housing unit in 2020 due to COVID-19. Petitioner's request for compassionate release was denied by the BOP sometime in 2021. (*Id.*, p. 4.) Petitioner underscores that he is not seeking home confinement, but compassionate release as a remedy in this matter due to the unconstitutional conditions of confinement that violate his Eighth Amendment rights. (Doc. 1, p. 8.)

Simultaneous to the filing of his habeas petition, Petitioner filed a motion for emergency injunctive relief, Doc. 2, and leave to proceed *in forma pauperis*, Doc. 3. On January 24, 2022, Petitioner paid the requisite filing fee. As such, his petition is deemed filed and ripe for initial review by the court.

## STANDARD OF REVIEW

A district presented with a petition for writ of habeas corpus under § 2241 may conduct an initial review of the petition and dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts; *see also* Rule 1 of the Rules Governing Section 2254 Cases in the United States District Court (noting that a district court "may apply any or all of these rules" to habeas corpus petitions not covered by 28 U.S.C. § 2254); *see also United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000)

(holding a court may dismiss a petition where "none of the grounds alleged in the petition would entitle [the petitioner] to relief."). Additionally, district courts are continually obligated to review whether they have subject matter jurisdiction and must raise subject matter jurisdiction issues *sua sponte*. *See Fort Bend Cnty, Tex. v. Davis*, 139 S. Ct. 1843 (2019). It is axiomatic that where a court lacks subject matter over a petition, it cannot address the issues presented in the petition.

## DISCUSSION

Petitioner asks the court to reduce his sentence to time served pursuant to 18 U.S.C. § 3582(c)(1)(A), as modified by the First Step Act of 2018, due to his concerns of continued exposure to, and possible reinfection with, COVID-19 because of his underlying health conditions. "The First Step Act empowers criminal defendants to request compassionate release for 'extraordinary and compelling reasons.'" *United States v. Raia*, 954 F.3d 594, 595 (3d Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). Both the Petitioner and the BOP can move for compassionate release under Section 3582(c)(1)(A). But before doing so, a Petitioner must fully exhaust all available administrative remedies offered by the BOP. *See Raia*, 954 F.3d at 597 (failure to satisfy Section 3582(c)(1)(A)'s exhaustion requirements "presents a glaring roadblock foreclosing compassionate release"). Additionally, and of most importance in this case, is the undeniable truth that motions for compassionate release must "be addressed to the sentencing

court." *Id.,* 954 F.3d at 596.  Here, Petitioner was sentenced in the Eastern District of Michigan and not in the Middle District of Pennsylvania.  As such, this court does not have jurisdiction to grant the relief Petitioner requests.

To the extent Petitioner seeks habeas relief on the basis that his conditions of confinement violate his Eighth Amendment rights, his petition, as presented, does not sound in habeas.  A habeas petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement.  *Preiser v. Rodriguez,* 411 U.S. 475, 494 (1973); *Leamer v. Fauver,* 288 F.3d 532, 540 (3d Cir. 2002) ("[W]henever the challenge ultimately attacks the 'core of habeas'– the validity of the continued conviction or the fact or length of a sentence –a challenge, however denominated and regardless of the relief sought, must be brought by way of habeas corpus petition.  Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate."[2]  *Id.* at 542.  As such, Petitioner fails to state a cognizable habeas claim based on the BOP's alleged violation of his Eighth Amendment rights.

---

[2] As Petitioner is a federal inmate, his civil rights remedy would be under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), not 42 U.S.C. § 1983.

## CONCLUSION

Based on the foregoing, Barnes' petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and motion for emergency compassionate release, Docs. 1 and 2, will be dismissed without prejudice as the court lack of subject matter jurisdiction over Barnes' request for compassionate release. Petitioner's motion to proceed *in forma pauperis*, Doc. 3, will be denied as moot as Barnes has paid the filing fee. Finally, because Barnes is not detained pursuant to a process issued by a state court and the petition is not brought pursuant to § 2255, no action by this court with respect to a certificate of appealability is necessary.

An appropriate order follows.

s/ Jennifer P. Wilson
Jennifer P. Wilson
United States District Court Judge
Middle District of Pennsylvania

Dated: January 25, 2022